# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Daniil Solovev, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:25-cv-02268-KHV-ADM |
| v. | ) |
| | ) |
| Crafted By Joanna LLC, a Kansas limited | ) |
| liability company, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## UNDER RULES 12(b)(5) AND 12(b)(6)

COMES NOW Defendant Crafted By Joana LLC ("Crafted") and respectfully submits its Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff Danill Solovev is believed to a Russian national living in Indonesia.  In an effort to interfere with Defendant's ability to compete in the marketplace, he has filed nine DMCA take down notices against Crafted.  He also filed the present lawsuit.  However, Plaintiff  has failed, in either his original Complaint or his First Amended Complaint, to identify the acts of infringement or to show that he has any ownership of the designs in question. Likewise, he has failed to show that he has a U.S. Copyright registration for any of the works despite showing to this Court that his first publication of the work was in the United States and seeking statutory damages and Attorney's fees.  Moreover, Plaintiff has failed to serve the First Amended Complaint filed on Defendant.

1

**ARGUMENT**

1. Plaintiff has Failed to Properly Serve Defendant.

Defendant filed this lawsuit on May 19, 2025.  (Doc # 1).  On June 12, 2025, Plaintiff filed a First Amended Complaint (Doc # 7).  After a Notice and Order to Show Cause (Doc # 8) and failure by Plaintiff to serve within the extended deadline of October 15, 2025 (Doc # 12), Plaintiff purportedly served Defendant by mail on October 16, 2025.   However, the document served was the original Complaint, not the First Amended Complaint.  A redacted copy of the documents served by Plaintiff is attached as Exhibit A.

"An amended complaint supersedes the original complaint and becomes the sole statement of the plaintiff's cause of action. Courts confine their review of the allegations in an underlying lawsuit to those contained in the final version of the complaint." *N.H. Ins. Co. v. TSG Ski & Golf, LLC,* 128 F.4th 1337 (10th Cir. 2025).  Service was improper both because it was untimely and because Plaintiff failed to serve the document to which Defendant Crafted was required to respond.  Therefore, the case should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

2.  Both the Original Complaint and the First Amended Complaint Fail to State a Claim.

The Original Complaint and the First Amended Complaint fail to state a claim as neither provides any actual facts as to the works in which Plaintiff claims to have a copyright, nor do they identify Defendant Crafted's products which allegedly infringe.  Further yet, the Complaint and the First Amended Complaint fail to identify where or when those works were first published and  whether Plaintiff has obtained a U.S. copyright registration.

"To meet the first element of a copyright-infringement claim, a plaintiff must demonstrate ownership of a valid copyright in the allegedly infringed work." *Craft Smith, LLC v. EC Design,*

*LLC,* 969 F.3d 1092, 1099 (10th Cir. 2020)(emphasis added). *See also* 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.01[A] (2020) [hereinafter *Nimmer on Copyright*]. Often, a party accomplishes this by producing a certificate of registration from the Copyright Office. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (finding the first element satisfied by a "federally registered copyright" in the accused work); *see also* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.").

Plaintiff has simply failed to allege facts sufficient for the Court to determine if Plaintiff has a plausible claim for copyright infringement.  Therefore, the First Amended Complaint should be dismissed.

3.  Plaintiff Failed To Show A U.S. Copyright Registration or Exemption Therefrom

Pursuant to 17 U.S.C. 101:

> For purposes of section 411 [17 USCS § 411], a work is a "United States work" only if—
> (1) in the case of a published work, the work is first published—
> (A) in the United States;
> (B) simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States;
> (C) simultaneously in the United States and a foreign nation that is not a treaty party; or
> (D) in a foreign nation that is not a treaty party, and all of the authors of the work are nationals, domiciliaries, or habitual residents of, or in the case of an audiovisual work legal entities with headquarters in, the United States;
> (2) in the case of an unpublished work, all the authors of the work are nationals, domiciliaries, or habitual residents of the United States, or, in the case of an unpublished audiovisual work, all the authors are legal entities with headquarters in the United States; or
> (3) in the case of a pictorial, graphic, or sculptural work incorporated in a building or structure, the building or structure is located in the United States.

(Emphasis added).  While not discussed in the Complaint or the First Amended

3

Complaint, the additional material provided by Plaintiff suggests that the works were first published on Instagram and Etsy.com  (Doc. # 6-2)  Instagram's headquarters are at 1601 Willow Rd., Menlo Park, California, 94025 and Etsy.com's headquarters are at 117 Adams Street in Brooklyn, New York 11201.

Publishing a work on the internet renders it's a "United States Work" and requires the owner to comply with 17 U.S.C. § 411(a) registration requirement.  *Kernal Records Oy . Mosely*, 794 F. Supp. 2d. 1355, 1365 (S.D. Fla. 2011).  To take advantage of the foreign work exemption from the registration requirement of § 411, "the party seeking to protect a work must first establish that the subject of copyright is not a United States work." *Elohim EPF USA, Inc.*, 2015 U.S. Dist. LEXIS 187166, 2015 WL 12655484, at *4  (C.D. Cal. Nov. 19, 2015). Otherwise, registration of a copyright is a precondition to filing a copyright infringement claim. *Airframe Sys., Inc. v. L-3 Commc'ns Corp.*, 658 F.3d 100, 105 (1st Cir. 2011) (citing 17 U.S.C. § 411).

Plaintiff has failed to show that his works are exempt from the registration requirements of 17 U.S.C. § 411(a).  Moreover, Plaintiff has sought statutory damages and attorney's fees, both of which require a U.S. copyright registration.  *Kernal Records Oy v. Mosely*, 964 F.3d 1294, 1302 (11th Cir. 2012).

Plaintiff's filings fail because they do to comply with the precondition set forth 17 U.S.C. § 411(a), and they fail to demonstrate why the are exempt from section 411(a).  Plaintiff's have thus failed to comply with a prerequisite to filing a copyright in Plaintiff's the action must be dismissed.

**SUMMARY**

Plaintiff failed to properly serve Defendant, failed to file a complaint which demonstrates that Plaintiff has a plausible claim, and failed to show that it has a U.S. copyright registration or that it is exempt from a U.S. copyright registration.  For each of these reasons, the complaint should be dismissed.

Dated this 9th day of February 2026

                                        **BATEMAN IP and GRAHAM LAW GROUP, PC**


                                        */s/ Kevin A. Graham*
                                        Kevin A. Graham    KS Bar No. 16493
                                        **GRAHAM LAW GROUP, P.C.**
                                        11 East Kansas
                                        Liberty, Missouri 64068
                                        (816) 792-0500
                                        FAX (816) 781-6843
                                        kevin@grahamlg.com


                                        Randall B. Bateman (Pro Hac Vice Pending)
                                        **BATEMAN IP**
                                        299 South Main Street, Suite 1300
                                        Salt Lake City, UT 84111
                                        (801) 533-0320
                                        rbb@batemanip.com
                                        nml@batemanip.com

                                        *Attorneys for Defendant/Counterclaimant*

                                        *Crafted By Joanna, LLC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing motion on February 9, 2026, to

Plaintiff by sending it via email to daniil@it-is-dew.com and by mailing a copy to Plaintiff at:

> Daniil Solovev
> Plagoo Holiday Hotel
> Bally, Indonesia 80361

*/s/ Kevin A. Graham*