**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

Daniil Solovev,                                          )
                                                         )
                                                         )    Civil Action No. 2:25-cv-02268-KHV-ADM
              Plaintiff/ Counter Defendant,              )
        v.                                               )
                                                         )
Crafted By Joanna LLC, a Kansas limited                  )
liability company,                                       )
                                                         )
              Defendant / Counter Claimant.              )
                                                         )

**OPPOSITION TO MOTION TO SET ASIDE DEFAULT**

**BACKGROUND**

1. On May 15, 2025, Plaintiff Daniil Solvev ("Solovev") filed a Complaint in this Court alleging copyright infringement against Defendant Crafted by Joanna LLC ("Crafted"), a Kansas Limited liability Company, Angeta Rusyte a resident of the United Kingdom, and Aleksandra Kinshina, a resident of Canada.  (Doc. 1)

2. On June 12, 2025, Plaintiff filed an Amended Complaint and added a resident of Virginia, Laura Cortes.  (Doc. 7).

3. On February 9, 2026, Defendant filed an Answer and  Counterclaim against Solovev for copyright infringement, bad faith DMCA takedown letters, trademark infringement and declaratory judgment of non-infringement.  The Answer and Counterclaim were served on Solovev by email and mail on February 9, 2026. (Doc. 21).

4.      Solovev failed to respond.

5.      On March 10, 2026, Crafted filed an application for a certificate of default due to Solovev's failure to respond. (Doc. 24).[1]

6.      Solovev failed to respond.

7.      On March 18, 2026, the Clerk entered the Certificate of Default.

8.      The same day Solovev filed a Motion to Set Aside the Certificate of Default. (Doc. 27).

## RESPONSE TO PLAINTIFF'S STATEMENT

1.      Crafted admits that Solovev is appearing pro se and resides outside the United States.

2.      The Entry of Default was entered due to the failure of Solovev to respond to the Counterclaim.

3.      Solovev provides no substantive explanation as to why he did not respond either to the Counterclaim or the Application for Entry of Default prior to default being entered, other than that he decided that service was improper.

4.      Solovev's fourth statement is an incorrect statement of the law as 1) service was proper under Rule 5 of the Federal Rules of Civil Procedure, and 2) Indonesia is not a signatory to the service provisions of the Hague Convention.

---

[11]  In preparation of this opposition, it was found that the email copy of the Application for Entry of Default provided to Solovev was a PDF error screen rather than the Application as filed. However, Solovev received notice from ECF and was mailed a copy of the application by Crafted's counsel.  See Exhibit A.

5.      Solovev's claim that this Court lacks jurisdiction over him after he filed a suit in this court is frivolous as Solovev initiated the present litigation by filing suit in the District of Kansas, submitting to the jurisdiction of this Court.

6.      Solovev's claim that he has a meritorious defense based on lack of jurisdiction is meritless and Solovev has supplied no statute or case law in support of his assertion.  With respect to his allegation that he has a meritorious defense of failure to state a claim, Solovev does not even identify a basis on which the Counterclaim arguably fails to state a claim, let alone provide any statute or case law in support of his theory.  Solovev has not provided even a draft responsive pleading to the Counterclaim.

7.      Solovev's assertion that he has actively participated in the case and has not sought to delay is belied by Solovev taking five months to serve Crafted and in doing so served the original Complaint rather than the Amended Complaint filed in June of 2025 and not participating in a case scheduling and other disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

8.      Solovev's delays are prejudicing Crafted.  Crafted has been hampered in its ability to sell its products because of nine (9) bad faith DMCA takedown letters filed by Solovev to remove Crafted's products from Etsy.  Moreover, Solovev continues to use trademarks owned by Crafted.

## **ARGUMENT**

**1.      Solovev's Claim That He Must Be Served Under the Hague Convention Is Without Merit**

Under the Hague Convention, formal delivery of certain documents must be provided "to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft v.*

*Schlunk,* 486 U.S. 694, 700 (1988) , 108 S.Ct. 2104,  "If the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Id. ""*Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id. at 707.*

Under the Federal Rules of Civil Procedure, a Complaint and a Counterclaim are treated differently.  A Complaint must be served on a Defendant Under Rule 4.  Specifically:

> Rule 4(f) - Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

Rule 4(f), Fed. R. Civ. P.

Counterclaims, in contrast, are served pursuant to Rule 5.  Unlike Rule 4, Rule 5 does not require service on the actual party and makes no mention of extraterritorial service of process. While such <u>may</u> occur if the party is unrepresented, if the party is represented, service must be on the party's counsel unless otherwise ordered by the Court. Service can be made by mail, by ECF, or by electronic mail.   Rule 5(b)((1 & 2). Defendant has chosen to litigate this case *pro se* from Indonesia and now it attempting to use his foreign *pro se* status as both a sword and a shield.

According to Solovev's apparent theory, every legal pleading served under Rule 5 would have to be served on him via the Hague Convention. However, Solovev's argument is premised on the false assertion that service in Indonesia follows the Hauge Convention. Solovev has failed to demonstrate that Indonesia is a party to the Hague Service Convention. According to idsattorneys.com:

> The Indonesian law, including the civil procedures, are silent regarding international service of court documents in cross-border disputes. Indonesia is also currently not a contracting state to any international treaty on service of court documents, such as the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 15 November 1965 (Hague Service Convention). As such, there is no established rule guiding service process out of and into Indonesia.

Service of Court Documents Out of and Into Indonesia | IDS Attorneys, Exhibit B. Similar information is found on the U.S. State Department website at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Indonesia.html, Exhibit C.

Moreover, even if Rule 4(f) applied, service was done by "a method that is reasonably calculated to give notice." According to Pacer, Solovev receives ECF notices of documents when they are filed. Crafted's counsel also emailed a copy of the Answer and Counterclaims to Solovev on February 9, 2026, and also sent a copy by mail on the same date. Solovev has not denied receiving the Answer and Counterclaim on February 9, 2026.

If Solovev believed that service was improper, he had an obligation to file a motion under Rule 12(b)(4) or 12(b)(5) for improper service. Instead, Solovev chose to ignore the Counterclaim until the Certificate of Default was entered. Solovev's argument that service was improper has no merit.

**2.      Solvev's Claim of Lack of Personal Jurisdiction is baseless.**

After filing suit in this Court against Crafted, Solovev now attempts to claim that this Court lacks jurisdiction over him for the Counterclaim.  Solovev provides no legal support for his assertion.

When "a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460-61 (5th Cir. 2001)(quoting *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999)).*See also Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd.*, 292 F.3d 1363, 1371-72 (Fed. Cir. 2002).

In the present case Solovev filed suit against Crafted claiming that Crafted was infringing his copyrights purportedly registered in Russia.  Crafted has countersued based on its own U.S. Copyright registrations for the same designs, for bad faith takedown notices relating to those copyrights, for trademark infringement of Crafted's trademarks and for a declaratory judgment of noninfringement.  Solovev filed suit here, he cannot complain that it is unfair for him to litigate here.

Nor can Solovev say with a straight face that he lacks minimum contacts with Kansas.  Solovev specifically targeted Crafted and sent 9 take-down requests to have Crafted's jewelry removed from its Etsy shop.  He then filed a lawsuit in Kansas making claims for copyright infringement.  Three of Crafted's four claims relate to the copyrights and Solovev's copyright infringement allegations.

The next factor is whether exercise of jurisdiction is reasonable.  "Even when a defendant has purposely established minimum contacts with a forum state, 'minimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction.'" *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). The Court considers (1) "the burden on the defendant," (2) "the forum state's interest in resolving the dispute," (3) "the plaintiff's interest in receiving convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) "the shared interest of the several states in furthering fundamental substantive social policies." *CGC Holding Co., LLC v. Hutchens,* 974 F.3d 1201, 1209 (10th Cir. 2020)(quoting OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1095 (10th Cir. 1998).

The party opposing jurisdiction must present a "compelling" case that these factors render jurisdiction unreasonable. *Compañía De Inversiones Mercantiles*, 970 F.3d at 1269, 1289 (10th Cir. 2020)(citing Burger King, 471 U.S. at 477).  Solovev cannot present a compelling case that the facts render jurisdiction in Kansas unreasonable. Solovev initiated the present action in the District of Kansas.  Solovev's allegations of copyright infringement against a Kansas company, and the Kansas company's claims that it is actually Solovev who is the infringer, provide Kansas with a strong interest in resolving the dispute.  Litigating in Kansas will provide both parties with the most efficient resolution and Kansas has the largest interest in resolving this dispute between a Kansas company and a foreign national.  Solovev has failed to provide any case, let alone a compelling one, that jurisdiction in Kansas would be unreasonable.

3. Solovev Fails to Identify Any Deficiency in the Counterclaim

In addition to his other claims, Solovev provides the conclusory allegation that the Counterclaim fails to state a claim.  However, Solovev fails to identify any alleged deficiency in the Counterclaim.

There is no dispute that Solovev received the Counterclaim.  And by the time the Application was filed for the certificate of default was file, he certainly must have known that his response to the Counterclaim was past due.  Instead of providing a response, he waited until after the Default Certificate was entered– and then failed to provide a proposed a responsive pleading.

Therefore, the Court should deny Solovev's motion.

Dated this 24th day of March 2026.

BATEMAN IP and GRAHAM LAW GROUP, P.C.

/s/ Kevin A Gaham
Keving A. Graham   KS Bar No. 16493
GRAHAM LAW GROUP, P.C.
11 East Kansas
Liberty, Missouri 6408
(816) 792-0500
Fax (816) 781-6843
kevin@grahamlg.com

Randall B. Bateman (Pro Hac Vice)
BATEMAN IP
2300 Main Street, Suite 900
Kansas City, MO, 64108
(816) 897-0507
rbb@batemanip.com
nml@batemanip.com

*Attorneys for Defendant/Counterclaimant*
*Crafted By Joanna LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was filed electronically through the Court's

electronic filing system on this 24th day of March 2026, to the following person:

Daniil Solovev
daniil@it-is-dew.com


_____ /s/ Kevin A Graham _____
Kevin A. Graham