**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DANIIL SOLOVEV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 25-2268-KHV** |
| | ) | |
| **CRAFTED BY JOANNA, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On May 19, 2025, Daniil Solovev filed suit pro se against Crafted by Joanna, LLC and others for infringement of his copyrighted jewelry.  See Complaint For Copyright Infringement (Doc. #1).  Both plaintiff and Crafted by Joanna sell jewelry on Etsy.com.  On February 9, 2026, Crafted by Joanna filed a counterclaim which alleges copyright infringement and trademark infringement, and that pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 et seq., plaintiff in bad faith asked Etsy to remove defendant's jewelry from the online platform.  Answer And Counterclaim (Doc. #21).  This matter is before the Court on defendant's Motion To Dismiss Under Rules 12(b)(5) And 12(b)(6) (Doc. #19) filed February 9, 2026 and plaintiff's Motion To Set Aside Entry Of Default (Doc. #27) filed March 18, 2026.  For reasons stated below, the Court sustains defendant's motion to dismiss plaintiff's complaint and overrules plaintiff's motion to set aside default on defendant's counterclaim.[1]

---

[1]     The Court affords a pro se plaintiff some leniency and liberally construes his filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).  Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

**Factual And Procedural Background**

On May 19, 2025, plaintiff filed suit against Crafted by Joanna, LLC, Agneta Rusyte and Aleksandra Kinshina.  See Complaint For Copyright Infringement (Doc. #1).  On June 12, 2025, plaintiff filed an amended complaint which added Laura Cortes as a defendant.  See First Amended Complaint (Doc. #7).  Plaintiff alleges that he is the sole owner of original jewelry designs which he has offered for sale through online platforms including Etsy.com.  See id., ¶¶ 9–10.  Plaintiff alleges that without permission, on Etsy.com, defendants copied, displayed and sold works substantially similar to his copyrighted designs.  See id., ¶ 11.

On September 18, 2025, at plaintiff's request, Magistrate Judge Angel D. Mitchell extended until October 15, 2025, the deadline for plaintiff to serve all defendants.  Plaintiff sent the summons and original complaint to Crafted by Joanna on October 10, 2025, which was five days before Judge Mitchell's deadline.  See U.S. Postal Service Certified Mail Receipt (Doc. #13-1) filed November 13, 2025.  Crafted by Joanna received the summons and complaint on October 16, 2025, one day after the deadline.  See id.

On October 29, 2025, Judge Mitchell recommended that the Court dismiss this action without prejudice based on plaintiff's failure to timely serve defendants.  Report And Recommendation (Doc. #12).  On December 17, 2025, the Court adopted Judge Mitchell's recommendation in part, allowed the case to proceed against Crafted by Joanna and dismissed the case without prejudice as to the remaining defendants.

On February 9, 2026, Crafted by Joanna filed a counterclaim which alleges that plaintiff's works infringe its copyrights and trademarks.  Answer And Counterclaim (Doc. #21).  Defendant also alleges that pursuant to the DMCA, on May 10, 2025, plaintiff in bad faith asked Etsy to remove defendant's works from its online platform.

Plaintiff did not respond to defendant's counterclaim. On March 18, 2026, the Clerk entered default against plaintiff on the counterclaim. That same day, plaintiff filed a motion to set aside the default.

<u>**Analysis**</u>

### I.    Motion To Dismiss

Defendant seeks to dismiss plaintiff's complaint for improper service and failure to state a claim on which relief can be granted. Under D. Kan. Rule 6.1(d)(1), plaintiff had until March 2, 2026 to respond to defendant's motion to dismiss. Plaintiff did not file a response, and defendant's motion is therefore unopposed. A party who fails to file a responsive brief or memorandum within the specified time waives the right to later do so, and the Court will consider and decide the motion as uncontested. D. Kan. Rule 7.1(c). Ordinarily, the Court will grant the motion without further notice. <u>Id.</u> For this reason and substantially the reasons stated in defendant's <u>Memorandum In Support Of Motion To Dismiss Under Rules 12(b)(5) And 12(b)(6)</u> (Doc. #20) filed February 9, 2026, the Court sustains defendant's motion under Rule 12(b)(6) and dismisses plaintiff's complaint for failure to state a claim on which relief can be granted.[2] Specifically, plaintiff's

---

[2]    Defendant also asks to dismiss plaintiff's complaint under Rule 12(b)(5) because plaintiff did not accomplish service until one day after the deadline and defendant did not receive a copy of the operative complaint, i.e. plaintiff's <u>First Amended Complaint</u> (Doc. #7) filed June 12, 2025. Service technically was not valid—it was one day late and plaintiff included the wrong complaint. <u>See Gilles v. United States</u>, 906 F.2d 1386, 1390 (10th Cir. 1990) (because amended pleading supersedes original complaint, subsequent service of original pleading is improper). Even so, because Crafted by Joanna filed a counterclaim which asserts an independent basis for subject matter jurisdiction and has engaged in subsequent substantive litigation conduct— including participating in a scheduling conference and mediation, and taking discovery—it has effectively waived its objection to service of process. <u>See Alexsam, Inc. v. WildCard Sys., Inc.</u>, No. 15-CIV-61736, 2015 WL 13688558, at *8 (S.D. Fla. Nov. 20, 2015) (defendant's efforts in seeking affirmative relief in case negate claim that it did not properly submit itself to jurisdiction of court). To the extent that defendant seeks dismissal under Rule 12(b)(5), the Court therefore overrules defendant's motion to dismiss.

complaint does not identify the works in which plaintiff claims to have a copyright, where and when those works were first published, whether plaintiff has obtained a U.S. copyright registration for such works or defendant's products which allegedly infringe any such copyrights.

## II.    Motion To Set Aside Default On Counterclaim

Plaintiff asks the Court to set aside the entry of default on defendant's counterclaim.  Under Rule 55(c), the Court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  The Court applies the same considerations when deciding whether to set aside an entry of default or a default judgment, but it applies them more liberally when reviewing an entry of default.  See Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990).  The good cause required by Rule 55(c) poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Rule 60(b).  See Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).  In determining whether plaintiff has shown good cause to set aside default on the counterclaim, the Court considers the following factors: (1) whether the default resulted from culpable conduct by plaintiff; (2) whether the defendant would be prejudiced if the Court sets aside the default; and (3) whether plaintiff has presented a meritorious defense.  See id.  These factors are not "talismanic" and the Court may consider other factors.  Morrow v. Bank of Am., No. 12–cv–00671–WYD–MJW, 2013 WL 275534, at *2 (D. Colo. Jan. 24, 2013) (quoting Hunt v. Ford Motor Co., No. 94–3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995)).  The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because the preferred disposition of any case is upon its merits and not by default judgment.  Gulley v. Orr, 905 F.2d 1383, 1386 (10th Cir. 1990).

The first factor, i.e. whether the default resulted from culpable conduct by plaintiff, weighs in favor of setting aside the default.  Under this factor, plaintiff's conduct is considered culpable

if he has defaulted willfully or has no excuse for the default.  United States v. Timbers Preserve, Routt Cnty., Colo., 999 F.2d 452, 454 (10th Cir. 1993).  If plaintiff's actions were culpable, the Court may refuse to set aside the default on that basis alone.  Hunt, 1995 WL 523646, at *3. Plaintiff states that his delay in responding to the counterclaim was because of confusion about service of process and the procedural posture of the case.  Motion To Set Aside Entry Of Default (Doc. #27) at 1.  As noted above, as a pro se litigant, plaintiff must follow the same rules of procedure as all other litigants.  See Garrett, 425 F.3d at 840.  Even so, plaintiff's confusion about whether he needed to answer the counterclaim—combined with his filing of a motion to set aside default on the same day that the Clerk entered default—suggests that the default was not the result of culpable conduct on his part.  See Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009) (defendant showed good faith by submitting motion to set aside default six days after entry).  This factor therefore weighs in favor of setting aside the default.

The second factor, i.e. whether defendant would be prejudiced if the Court sets aside the default, weighs slightly in favor of plaintiff.  On February 9, 2026, defendant filed its counterclaim. As noted above, on March 18, 2026, immediately after the Clerk entered default, plaintiff filed a motion to set aside the default.  Defendant therefore suffered minimal—if any—prejudice.  See, e.g., Topolski v. Chris Leef Gen. Agency Inc., No. 11–2495, 2011 WL 5921167, at *2 (D. Kan. Nov. 28, 2011) (no prejudice from 12 day delay); Alsbrooks v. Collecto, Inc., No. 10–2271, 2010 WL 4067145, at *2 (D. Kan. Oct. 15, 2010) (plaintiff not seriously prejudiced where defendant filed motion to set aside default 21 days after entry of default; delays of two months "relatively innocuous").  This factor weighs slightly in favor of setting aside the default.

The third factor, i.e. whether plaintiff has presented a meritorious defense to defendant's counterclaim, strongly weighs against setting aside the default.  As the movant, plaintiff must show

a meritorious defense to the defaulted claim.  Martinez v. Dart Trans, Inc., 547 F. Supp. 3d 1153, 1185 (D.N.M. 2021).  Plaintiff need not demonstrate a likelihood of success on the merits, but he must present assertions which plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense.  See Crutcher v. Coleman, 205 F.R.D. 581, 585 (D. Kan. 2001).  A bald allegation without support of facts underlying the defense will not sustain the burden of the defaulting party to show cause why the entry of default should be set aside.  Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir 1970).  Plaintiff asserts three potential defenses to defendant's counterclaim: improper service, lack of personal jurisdiction and failure to state a claim on which relief can be granted.

Plaintiff argues that defendant did not serve him with a copy of the counterclaim under international service requirements.  Rule 5 governs service of "a pleading filed after the original complaint" upon existing parties.  Fed. R. Civ. P. 5(a)(1)(B); see U.S. Bank Nat'l Ass'n as Tr. for CSMC Mortg.-Backed Pass-Through Certificates, Series 2006-3 v. Dernier, No. 2:16-CV-230, 2024 WL 7014331, at *3 (D. Vt. Sept. 18, 2024).  Plaintiff does not dispute that he received the counterclaim by email through the court's electronic-filing system, which is a permissible method of service under Rule 5.  Fed. R. Civ. P. 5(b)(2)(E).  Plaintiff therefore has not shown a meritorious defense to the counterclaim based on improper service.  See generally Kitchens v. Bryan Cnty. Nat'l Bank, 825 F.2d 248, 255–56 (10th Cir. 1987) (federal courts generally take permissive attitude towards mechanism employed for service when defendant actually receives notice).

Plaintiff's objection that he lacks minimum contacts with Kansas for the Court to exercise personal jurisdiction over him also lacks merit.  Because the requirement of personal jurisdiction represents an individual right, it can, like other such rights, be waived.  Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).  If a party seeks affirmative

relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter.  PaineWebber Inc. v. Chase Manhattan Private Bank, 260 F.3d 453, 460–61 (5th Cir. 2001); Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999); see also Rusakiewicz v. Lowe, 556 F.3d 1095, 1102 (10th Cir. 2009) (scarcely unfair to make those who have initiated lawsuit in particular state undergo suit in that state to determine whether lawsuit was tortious).  Even if plaintiff did not waive the defense of lack of personal jurisdiction, defendant has shown that (1) plaintiff has "minimum contacts" with Kansas such that he should "reasonably anticipate being haled into court there," World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980), and (2) the exercise of personal jurisdiction over plaintiff does not offend "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 113 (1987).  In addition to filing a lawsuit in Kansas against a Kansas company, plaintiff does not dispute that he targeted Crafted by Joanna and attempted to have its jewelry removed from the Etsy online platform.  Litigating this dispute in Kansas will provide the parties the most efficient resolution, and Kansas has a strong interest in resolving this dispute between a Kansas company and a foreign national. Plaintiff has not presented a compelling case that the exercise of personal jurisdiction in this case would be unreasonable.  See Asahi Metal Indus. Co., 480 U.S. at 114 (interests of claimant and forum in exercising jurisdiction often justify serious burdens on out-of-state defendant).  The Court therefore finds that his personal jurisdiction defense lacks merit.

As to plaintiff's defense that the counterclaim fails to state a claim on which relief can be granted, plaintiff offers no argument to establish a factual basis for his defense.  He must demonstrate more than a mere allegation that a defense exists.  Gomes, 420 F.2d at 1366.  In addition to plaintiff's failure to set forth a factual basis for his defenses to the counterclaim, he did

not respond to defendant's motion to dismiss plaintiff's complaint of copyright infringement. Because plaintiff has not shown factual support for a meritorious defense, this factor strongly weighs in favor of not setting aside the default.

On balance, plaintiff has not shown good cause to set aside the entry of default on defendant's counterclaim.   While plaintiff's failure to answer does not appear culpable and defendant likely would suffer minimal prejudice if the default were set aside, plaintiff has not set forth any factual allegations to show that he has a defense on jurisdiction grounds or for failure to state a claim.   The preferred disposition of any case is upon its merits and not by default.   See Gulley, 905 F.2d at 1386.   Because plaintiff has not shown that he has a potentially meritorious defense to the counterclaim, the Court must assume that defendant ultimately would prevail on the merits.   In other words, if the Court set aside the default, it would simply delay entry of judgment in favor of defendant.   The Court therefore declines to set aside the entry of default.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss Under Rules 12(b)(5) And 12(b)(6) (Doc. #19) filed February 9, 2026 is **SUSTAINED to the extent that defendant seeks dismissal under Rule 12(b)(6), Fed. R. Civ. P.   The Court dismisses plaintiff's First Amended Complaint (Doc. #7) filed June 12, 2025 for failure to state a claim on which relief can be granted.**

**IT IS FURTHER ORDERED** that plaintiff's Motion To Set Aside Entry Of Default (Doc. #27) filed March 18, 2026 is **OVERRULED**.

Dated this 30th day of June, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-8-