**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DANIIL SOLOVEV,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | **No. 25-2268-KHV** |
| ) | |
| **CRAFTED BY JOANNA, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On May 19, 2025, Daniil Solovev filed suit pro se against Crafted by Joanna, LLC and others for infringement of his copyrighted jewelry.  See Complaint For Copyright Infringement (Doc. #1).  Both plaintiff and Crafted by Joanna sell jewelry on Etsy.com.  On February 9, 2026, Crafted by Joanna filed a counterclaim which alleges copyright infringement and trademark infringement, and that pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 et seq., plaintiff in bad faith asked Etsy to remove defendant's jewelry from the online platform.  Answer And Counterclaim (Doc. #21).  On July 1, 2026, the Court sustained defendant's motion to dismiss plaintiff's complaint and overruled plaintiff's motion to set aside his default on defendant's counterclaim.  See Memorandum And Order (Doc. #45).  This matter is before the Court on Plaintiff/Counterclaim Defendant's Motion For Reconsideration Or Revision Of The Portion Of Document 45 Denying Relief From The Clerk's Entry Of Default, And For Leave To File The Attached Answer (Doc. #50) filed July 2, 2026.  For reasons stated below, the Court overrules plaintiff's motion.[1]

---

[1]    The Court affords a pro se plaintiff some leniency and liberally construes his filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).  Although the Court holds a pro se

(continued…)

**Factual And Procedural Background**

On May 19, 2025, plaintiff filed suit against Crafted by Joanna, LLC, Agneta Rusyte and Aleksandra Kinshina.  See Complaint For Copyright Infringement (Doc. #1).  On June 12, 2025, plaintiff filed an amended complaint which added Laura Cortes as a defendant.  See First Amended Complaint (Doc. #7).  Plaintiff alleges that he is the sole owner of original jewelry designs which he has offered for sale through online platforms including Etsy.com.  See id., ¶¶ 9–10.  Plaintiff alleges that without permission, on Etsy.com, defendants copied, displayed and sold works substantially similar to his copyrighted designs.  See id., ¶ 11.

On September 18, 2025, at plaintiff's request, Magistrate Judge Angel D. Mitchell extended until October 15, 2025, the deadline for plaintiff to serve all defendants.  Plaintiff sent the summons and original complaint to Crafted by Joanna on October 10, 2025, which was five days before Judge Mitchell's deadline.  See U.S. Postal Service Certified Mail Receipt (Doc. #13-1) filed November 13, 2025.  Crafted by Joanna received the summons and complaint on October 16, 2025, one day after the deadline.  See id.

On October 29, 2025, Judge Mitchell recommended that the Court dismiss this action without prejudice based on plaintiff's failure to timely serve defendants.  Report And Recommendation (Doc. #12).  On December 17, 2025, the Court adopted Judge Mitchell's recommendation in part, allowed the case to proceed against Crafted by Joanna and dismissed the case without prejudice as to the remaining defendants.

---

[1](. . .continued)
litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

On February 9, 2026, Crafted by Joanna filed a counterclaim which alleges that plaintiff's works infringe its copyrights and trademarks.  Answer And Counterclaim (Doc. #21).  Defendant also alleges that pursuant to the DMCA, on May 10, 2025, plaintiff in bad faith asked Etsy to remove defendant's works from its online platform.

Plaintiff did not respond to defendant's counterclaim.  On March 18, 2026, the Clerk entered default against plaintiff on the counterclaim.

On July 1, 2026, the Court sustained defendant's motion to dismiss plaintiff's complaint and overruled plaintiff's motion to set aside his default on defendant's counterclaim.  See Memorandum And Order (Doc. #45).  Plaintiff now asks the Court to reconsider the ruling on his motion to set aside default.

## **Legal Standards**

The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  D. Kan. Rule 7.3; Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such motions are not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001).  Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law.  See Servants of Paraclete, 204 F.3d at 1012.

## **Analysis**

The Court previously held that plaintiff did not establish "good cause" for the Court to set aside the entry of default on defendant's counterclaim.  Fed. R. Civ. P. 55(c).  In doing so, the

Court considered the following factors: (1) whether the default resulted from culpable conduct by plaintiff; (2) whether defendant would be prejudiced if the Court set aside the default; and (3) whether plaintiff had presented a meritorious defense. See Memorandum And Order (Doc. #45) at 4 (citing Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997)). The Court determined that while plaintiff's failure to answer did not appear culpable and defendant likely would suffer minimal prejudice if the default were set aside, plaintiff had not set forth any factual allegations to show that he had a meritorious defense to the counterclaim. Id. at 4–8. The Court therefore held that plaintiff had not shown good cause to set aside the default.

Plaintiff asks the Court to reconsider its ruling. He argues that manifest injustice will result from the ruling because he *now* can show a meritorious defense. Plaintiff had two prior opportunities to set forth a meritorious defense: by filing an answer or by showing in his motion to set aside the default that he had such a defense. As noted, plaintiff did not file an answer. In his motion to set aside the default, he asserted several defenses on jurisdiction grounds and for failure to state a claim, but he did not set forth factual allegations to show that he had a meritorious defense. Memorandum And Order (Doc. #45) at 5–8. Plaintiff does not assert that the Court erred in concluding that his motion did not set forth a meritorious defense. As noted above, a motion to reconsider is not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Matosantos, 245 F.3d at 1209 n.2. Plaintiff has not shown manifest injustice if the Court denies him a third opportunity to respond to defendant's counterclaim. See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994) (pro se litigant not excused from complying with court rules and subject to consequences of non-compliance); Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,

715 F.2d 1442, 1444–45 (10th Cir. 1983) (workable system of justice requires litigants not be free to appear at their pleasure; court must hold parties and counsel to reasonably high standard of diligence in observing rules of procedure).

Plaintiff also argues that manifest injustice will result from the Court's ruling because defendant seeks substantial monetary and injunctive relief.  Defendant's counterclaim does not seek a sum certain or a sum that can be made certain by computation, so defendant must seek default judgment under Rule 55(b)(2).  Fed. R. Civ. P. 55(b)(1)–(2).  Because plaintiff has appeared in this action, Rule 55(b)(2) requires defendant to provide him written notice of its application for default judgment.  Fed. R. Civ. P. 55(b)(2).  Plaintiff may file an opposition brief and appear at any hearing which is necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation or investigate any other matter.  See Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc., No. 8:23-CV-00496-WLH-ADS, 2024 WL 5410445, at *4 (C.D. Cal. Dec. 18, 2024); see also Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010) (even after Clerk enters default, court considers whether unchallenged facts state claim because party in default does not admit mere conclusions of law).  Because plaintiff has a limited opportunity under Rule 55(b)(2) to contest the extent of relief in any default judgment, he has not shown manifest injustice if the Court denies him a third opportunity to respond to defendant's counterclaim.

In sum, plaintiff has not shown a change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  The Court therefore overrules plaintiff's motion to reconsider the Court's order which overruled his motion to set aside

the entry of default.[2]

**IT IS THEREFORE ORDERED** that Plaintiff/Counterclaim Defendant's Motion For Reconsideration Or Revision Of The Portion Of Document 45 Denying Relief From The Clerk's Entry Of Default, And For Leave To File The Attached Answer (Doc. #50) filed July 2, 2026 is **OVERRULED**.

Dated this 27th day of July, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] In the alternative, plaintiff seeks leave to participate in any proceedings on default judgment. As explained above, the Federal Rules of Civil Procedure and judicial practice already allow his participation in such proceedings.