**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DANIIL SOLOVEV,

Counter-Defendant,[1]

v. Case No. 25-2268-KHV-ADM

CRAFTED BY JOANNA, LLC,

Counter-Claimant.

# ORDER

This matter comes before the court on Crafted's motion to de-designate documents as confidential. (ECF 76.) By way of the motion, Crafted asserts that Solovev has over-designated produced documents as "confidential" under the protective order (ECF 43). Crafted challenges five categories of documents that Solovev designated as confidential:[2] (1) native Etsy, Shopify, and Faire financial exports and related transaction files in Solovev's August 14, 2026 production, (2) the Etsy listings and storefront export in Solovev's August 14, 2026 production, (3) screenshots and image files in Solovev's August 14, 2026 production, (4) Faire automated verification, terms, and marketing material, published terms, Solovev representations, and public-storefront links

[1] On March 18, 2026, the clerk entered default against Daniil Solovev ("Solovev") on Crafted by Joanna, LLC's ("Crafted") counterclaims. (ECF 26.) On July 1, 2026, the court dismissed Solovev's affirmative claims against Crafted and denied Solovev's request for relief from the entry of default on Crafted's claims against him. (ECF 45; reconsideration denied in ECF 55.) Because only the entry of judgment on the counterclaims remains at issue in this case, the court refers to the parties as "counter-claimant" and "counter-defendant."

[2] Crafted's motion also sought de-designation of 28 native Gmail .eml files, a letter from Crafted to Solovev (Bates stamped SOL2-005-001), and the articles of incorporation of Its Dew LLC. (ECF 76-1.) Solovev agreed in his response brief to withdraw the confidential designation from these documents. (ECF 79.) To the extent Solovev has not produced de-designated versions of the documents, he is ordered to do so by the production date in this order.

(Bates stamped SOL2-005-002), and (5) mixed financial, governance, identity and tax correspondence that Solovev produced on June 22, 2026. (ECF 76-1.) For the reasons explained further below and on the record during the September 14, 2026 discovery conference (*see* ECF 74), the motion is granted.

"The starting point for interpretation of a protective order lies in its plain language." *S.E.C. v. Merrill Scott & Assocs., Ltd.,* 600 F.3d 1262, 1271 (10th Cir. 2010) (citing *City of Hartford v. Chase*, 942 F.2d 130, 134–35 (2d Cir. 1991)). The court has broad discretion to interpret and apply its protective orders. *Id.* As relevant here, the protective order provides that "the parties will limit their designation of 'Confidential Information' to the following categories of information or documents: tax returns, financial statements, sales and profit calculations, and other proprietary business records." (ECF 43, at 2.) When a party designates a document as confidential, the other party may challenge that designation by following the procedures set forth in Paragraph 8 of the protective order. The party must first confer in good faith to resolve the objection and, failing that, participate in a pre-motion discovery conference with the court. The challenging party may then "file a motion that identifies the challenged material and sets forth in detail the basis for the challenge." (*Id.* ⁋ 8.) Thereafter, the designating party bears the burden of proving the necessity of the confidentiality designation in its response to the motion. (*Id.*) *See also, Ad Astra Recovery Servs., Inc. v. Heath,* No. 18-1145-JWB-ADM, 2020 WL 5057482, at *9 (D. Kan. Sept. 2, 2020) ("When a party files a motion challenging a confidentiality designation, the designating party still has the burden to prove the necessity of the designation.").

During the September 14 discovery conference—and in the written order that followed—the court explained this legal standard and burden to Solovev. (ECF 74, at 1 ("The court informed Solovev that the burden is on him, not on Crafted, to establish that each document is properly

designated as confidential.").) Despite the court's explanation, in responding to Crafted's motion to de-designate, Solovev did not attempt to prove the necessity of his confidentiality designations with any level of specificity. Rather, he suggests "category-specific harms" that justify including the categories in the protective order. (ECF 79, at 2.) Solovev does not address, however, how each challenged document falls into a protected category. Solovev asserts that "several challenged groups are mixed." (*Id.*) He states, for example, that "Screenshots, photographs, and email attachments . . . may or may not contain protected content [and a] public portion does not justify removing protection from an entire mixed file." (*Id.*) While this certainly may be true, the burden was on Solovev to demonstrate—for *each* document Crafted challenged—that the confidentiality designation was proper under the protective order. Solovev attempts to shift the burden to Crafted, stating, "Crafted should identify the particular file it intends to use, after which Solovev can provide a clean copy or identify the specific field requiring continued protection." But as the court has stated multiple times, that position is contrary to law and cannot carry the day for Solovev.

Because Solovev has not met his burden of supporting his confidentiality designations for the documents challenged by Crafted, the motion to de-designate is granted. Solovev is ordered to re-produce de-designated copies of the challenged documents with only redactions Crafted has agreed to in Exhibit A to its motion (ECF 76-1) (e.g., for the personal identifiers of buyers/retailers and targeted portions of non-public-facing Etsy listings) by **October 2, 2026.**[3]

**IT IS THEREFORE ORDERED** that Crafted's motion to de-designate documents as confidential (ECF 76) is granted. By **October 2, 2026,** Solovev is ordered to re-produce de-

[3] This order does not prevent the parties from negotiating redactions for "genuinely sensitive information," as suggested in the motion. (ECF 76, at 5.)

designated copies of the challenged documents with only redactions Crafted has agreed to in Exhibit A to its motion.

Dated September 30, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge