**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CRAFTED BY JOANNA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-2268-KHV-ADM |
| | ) | |
| v. | ) | |
| | ) | |
| DANIIL SOLOVEV, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This copyright and trademark matter comes before the court on Crafted by Joanna, LLC's ("Crafted") Motion to Compel Instagram Sales Information and For Access to the Instagram Account. (ECF 75.) By way of the motion, Crafted asks the court to compel Daniil Solovev to produce records of jewelry sales that originated from Solovev's Instagram account (the "Instagram-originated sales") and to provide full access to Solovev's Instagram account. For the reasons explained below, the motion is granted in part and denied in part.

## I. BACKGROUND

Crafted and Solovev both sell jewelry through online retailers. On May 19, 2025, Solovev filed suit pro se against Crafted and others for infringement of his copyrighted jewelry. (ECF 1.) On February 9, 2026, Crafted filed counterclaims, alleging Solovev's jewelry infringes Crafted's copyrights and trademarks. (ECF 21.) Solovev did not respond to Crafted's counterclaims. On March 18, the Clerk entered default against Solovev on the counterclaims. (ECF 26.) On July 1, the court dismissed Solovev's affirmative claims against Crafted and denied Solovev's request for relief from the entry of default on Crafted's claims against him. (ECF 45; reconsideration denied

in ECF 55.) Thus, only the entry of a default judgment on the counterclaims remains at issue in this case.[1]

On Crafted's trademark-infringement claim, it seeks as damages the disgorgement of Solovev's United States sales, including Instagram-originated sales. (ECF 83, at 17-18.) Crafted served four discovery requests related to the Instagram-originated sales. Interrogatory No. 12 asked Solovev to identify the sales and the gross dollar amount of sales for each product. (ECF 75-1.) Request for Production Nos. 15-17 asked Solovev to produce communications with customers or potential customers regarding the sales, native files showing the sales, and reports from entities that processed payments for the sales. (ECF 75-2.) In response to Integratory No. 12, Solovev stated that he reviewed "the complete Instagram data export available to him, which contains 3,991 conversations and 51,952 messages" and could not reliably determine the number of products sold or gross dollar amount by country. (ECF 75-1, at 2.) Solovev objected to producing documents responsive to Request for Production Nos. 15-17 on the ground that doing so is disproportionate to the needs of the case and would require the disclosure of unrelated private customer information, including financial information. (ECF 75-2.) The court held discovery conferences on August 17 and September 14 to address the issues.

After the August 17 conference, Solovev produced a spreadsheet documenting 158 transactions, which Solovev says he created after reviewing the Instagram data export available to him (i.e., the 3,991 conversations and 51,952 messages with customers or potential customers). (ECF 75-1, at 2; ECF 75-3.) Crafted states, however, that the spreadsheet's lack of specificity inhibits its ability to determine which sales are relevant to its copyright claim. (ECF 75, at 2.)

---

[1] The pretrial order re-aligned the parties, making Crafted the plaintiff and Solovev the defendant. (ECF 83, at 1 n.1.)

Crafted seeks the underlying records to verify the sales information in the spreadsheet, as requested in Request for Production Nos. 16 and 17. On September 14, the court granted Crafted leave to file a motion to compel responses to this discovery. (ECF 74.)

Crafted filed the present motion on September 18. Crafted "requests that Solovev be compelled to produce the processing reports for all Instagram-originated sales from February 2024 to the present and provide access to the Instagram account so Crafted can verify the completeness and identity of the payment methods and processors Solovev discloses." (ECF 75, at 3.) Crafted further requests a fee award to compensate it for attorney time spent filing the motion.

On September 18, after Crafted filed its motion to compel, Solovev produced "158 numbered folders corresponding to the spreadsheet, representing 152 unique Instagram threads, together with the exported JSON messages, available photographs, and production logs." (ECF 78, at 1; *see also* ECF 80-2, at 2-3.)[2] However, from the Instagram records produced, Solovev redacted "bank/card/account credentials, payment links and identifiers, and payment-enabling data," and withheld "[p]ayment receipts, transfer confirmations, payment-account screens, payment links/QR codes, and images containing bank or card information." (ECF 80-2, at 2.) Solovev contends that his supplemental production satisfies his obligation to respond to Interrogatory No. 12 and Request for Production Nos. 15-16. (ECF 78, at 2.) He admits that he has not produced records responsive to Request for Production No. 17 (reports from entities that processed payments for the sales) and stands on his proportionality objection. (*Id.*)

[2] Solovev explains, and Crafted does not dispute, that "Instagram provides messages as JSON and stores available photographs as separate media files; it does not provide rendered conversation screenshots." (ECF 80-2, at 2.)

Crafted argues in its reply brief that the court should compel Solovev to produce (1) the withheld Instagram purchase communications and attachments (e.g., payment receipts and transfer confirmations), albeit with sensitive personal identity information redacted, and (2) bank and processor records for every account through which Instagram-originated sales payments were requested or received from February 2024 forward. (ECF 80, at 2.) Crafted asserts such information is necessary for Crafted "to check payment amounts." (*Id.* at 1-2.)

## II. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment of Rule 26); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change the scope of discovery but clarified it, and therefore *Oppenheimer* still applies). In determining whether a discovery request is proportional to the needs of the case, the court considers, to the extent applicable, the following six factors: "[1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

When the discovery sought appears relevant on its face or the discovering party has established relevance, the party resisting discovery bears the burden to support its objections. *See*

*Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 624 (D. Kan. 2014) (ruling the party resisting discovery bears the burden to show why a discovery request is improper); *Martin K. Eby Const. Co. v. OneBeacon Ins. Co.*, No. 08-1250-MLB-KGG, 2012 WL 1080801, at *3 (D. Kan. Mar. 29, 2012) ("Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request."). This burden extends to demonstrating that the discovery is disproportionate to the needs of the case. *See Phillips v. Boilermaker-Blacksmith Nat'l Pension Tr.,* No. 19-2402-TC-BGS, 2024 WL 3471333, at *5 (D. Kan. July 19, 2024) ("Because the discovery sought is relevant on its face, the Defendants now hold the burden of showing that the discovery sought would impose an undue burden or expense that is disproportionate to the needs of the case."). The party resisting discovery does not meet this burden by asserting "conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004). Rather, an objecting party "must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production . . . is objectionable." *Id.* at 670-71.

**III. ANALYSIS**

Solovev does not dispute the relevance of information about his Instagram-originated sales. A key issue remaining in the case is the amount of profits Solovev must disgorge under the trademark and copyright claims. Thus, the Instagram-originated sales records that Crafted seeks easily meet the liberal relevance standard because they bear on this issue. The court therefore proceeds to consider whether Solovev has met his burden of demonstrating that the discovery sought is disproportional to the needs of the case.

<u>Instagram Purchase Communications (with attachments) and/or access to Instagram Account</u>

Crafted first moves to compel Solovev to produce the Instagram purchase communications and attachments (e.g., payment receipts and transfer confirmations) that he redacted and/or withheld from the September 18 production. As set out above, such information is responsive to Interrogatory No. 12 and Request for Production Nos. 15 and 16, and is relevant to the damages calculation. Thus, the burden is on Solovev to demonstrate why the court should not permit the discovery.

Solovev has not met this burden with the required level of specificity. Rather, he only makes the conclusory statement that discovery "must be relevant and proportional to the needs of the case." (ECF 78, at 2.) Absent any demonstration by Solovev of the burden that would accompany his production of unredacted purchase communications and their attachments (including payment receipts and transfer confirmations), the court overrules his objection to their production.

To the extent Solovev contends that he should be permitted to redact "unrelated communications and third-party personal information" (ECF 78, at 3), the court disagrees. Ordinarily, a party may not unilaterally redact information from documents it produces in litigation simply because the redacted information is irrelevant or non-responsive. *See Fish v. Kobach*, No. 16-2105-JAR-JPO, 2017 WL 1373882, at *7 (D. Kan. Apr. 17, 2017); *HR Tech., Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-2220-JWL, 2010 WL 4792388, at *5-*6 (D. Kan. Nov. 17, 2010). Federal Rule of Civil Procedure 34 requires a party to produce or permit inspection of responsive *documents*, not just relevant information contained in those documents. *HR Tech.*, 2010 WL 4792388, at *5. Permitting indiscriminate redactions inserts "'another step in the process,' [that]

would invite additional discovery disputes and undermine Fed. R. Civ. P. 1's directive to construe the Rules to advance the just, speedy, and inexpensive determination of cases." *Fish*, 2017 WL 1373882, at *7 (quoting *HR Tech.*, 2010 WL 4792388, at *5). Further, redactions are "both unnecessary and potentially disruptive to the orderly resolution of the case" because parties are not ordinarily harmed by producing irrelevant or sensitive information that is already subject to a protective order restricting its dissemination and use. *See HR Tech.*, 2010 WL 4792388, at *5.

Solovev provides no particular and specific demonstration of fact establishing that he or his customers would suffer any clearly defined and very serious injury if he produced the Instagram purchase communications and attachments in unredacted form. Solovev has not submitted a record from which the court can conclude that the redacted information is so highly proprietary or sensitive that redaction is warranted. *Cf. Ad Astra*, 2020 WL 5057482, at *10-*11 (granting a motion for protective order permitting redactions where the moving party and non-parties submitted declarations detailing the specific and significant competitive harm that would result if the redacted information was produced). Accordingly, Solovev has not demonstrated good cause for a protective order to allow him to maintain the redactions. The court notes, however, that Crafted has agreed to allow Solovev to redact personal information. (ECF 80 at 2.)

The court therefore grants this portion of the motion and orders Solovev to make the Instagram information available to Crafted. The information is both relevant and proportional to this case. As Solovev points out, Federal Rule of Civil Procedure 34 "permits electronically stored information to be produced in the form in which it is ordinarily maintained or in a reasonably useable form." (ECF 78, at 2 (citing Fed. R. Civ. P. 34(b(2)(E)).) Thus, Solovev has two options to meet this order. First, Solovev could produce the complete Instagram data export available to him, which he states contains 3,991 conversations and 51,952 messages. The production would

include attachments to the messages. Alternatively, Solovev could produce the documents as they are kept in the ordinary course of business by giving Crafted access to his Instagram account (i.e., by providing Crafted his account credentials, such as a log-in name and password). Either means of production will satisfy Rule 34 and is acceptable to the court. To the extent Crafted's motion seeks to mandate one option over the other, it is denied.[3]

Transaction Records/Processing Reports

Crafted also moves to compel Solovev to produce the transaction records (i.e. processing reports) from banks and other financial entities that processed Solovev's Instagram-originated sales. As discussed above, such records are responsive to Request for Production No. 17 and are relevant to the damages calculation in the case.

Solovev objected to production of the records sought in Request for Production No. 17 "because they contain transactions and sensitive account information unrelated to any Instagram sale, and such production would be disproportionate and invade substantial privacy interests." (ECF 75-2, at 3.) He reasserted his objection in response to the motion to compel, stating, "[t]he bank and card accounts are ordinary mixed-use personal accounts and no single bank, card, or payment-processor report segregates Instagram-originated sales." (ECF 78, at 3.) He argues that "[p]roducing 31 months of statements from each account would disclose unrelated transactions, security information, and third-party data without itself mapping a particular line item to an Instagram sale." (*Id.*) So, Solovev's argument is not that it would be burdensome for him to

[3] In Crafted's opening brief, Crafted sought access to Solovev's Instagram account. In Crafted's reply brief, however, Crafted appears to have backed away from the access request.

produce responsive documents,[4] but that Crafted would gain little, if any, benefit from the records since it would be unable to determine which transactions were for Instagram sales. The essence of Solovev's argument seems to be that the negligible benefit to Crafted is outweighed by the invasion of privacy to Solovev and his customers.

As set forth above, Solovev, as the party objecting to discovery, bears the burden to support his objections with specific explanations or evidence – rather than conclusory statements. *See, e.g., Ehrlich.*, 302 F.R.D. at 624; *Martin K. Eby Const. Co.*, 2012 WL 1080801, at *3; *Pipeline Prods., Inc. v. Madison Cos.*, No. 15-4890-KHV, 2018 WL 3055869, at *3 (D. Kan. June 20, 2018). As with the Instagram purchase communications, Solovev has not provided a particular and specific demonstration of fact establishing that he or his customers would suffer any clearly defined and very serious injury if he produced the account information. Solovev has not submitted a record from which the court can conclude that the information is so highly proprietary or sensitive that protection is warranted. *Cf. Ad Astra,* 2020 WL 5057482, at *10-*11 (granting a motion for protective order permitting redactions where the moving party and non-parties submitted declarations detailing the specific and significant competitive harm that would result if the redacted information was produced). This is particularly true given that the protective order permits Solovev to produce such information as confidential and prohibit its dissemination outside of this lawsuit. (ECF 43, at ⁋ 2 (governing "financial statements").) Thus, the court finds the privacy interests—to the extent Solovev has broadly articulated them—sufficiently protected.

---

[4] Solovev does not discuss any burden that would accompany producing the requested statements from each account, and the court cannot imagine that it would be great, particularly given that Solovev has identified fewer than 10 possible accounts. (ECF 78, at 3.)

Solovev has not met his burden to support his objection to producing the financial transaction records/processing reports. The court therefore grants this portion of the motion and orders Solovev to produce the transaction records/processing reports.

## IV. FEE REQUEST

Crafted's motion asks the court to award its attorney's fees incurred in drafting the motion. (ECF 75, at 3-4.) Federal Rule of Civil Procedure 37(a)(5)(C) provides that when a court grants in part and denies in part a motion to compel discovery, it may, in its discretion, award a movant its "reasonable expenses" incurred in making the motion. Here, the court finds it reasonable to award Crafted the requested attorney's fees. Crafted requests only the costs of drafting the opening motion ($950)—not its reply brief or time spent in discovery conferences—which is more than justified. Solovev had an opportunity to produce the Instagram purchase communications after the August 17 discovery conference, but instead he produced a spreadsheet that he created purportedly showing his Instagram sales, but which he later conceded was incomplete. This led Crafted to have to seek a second discovery conference with the court, held on September 14. The court then gave Solovev another opportunity to respond to Request for Production Nos. 15-17, stating Crafted could file a motion to compel by September 18 if it was not satisfied with Solovev's production. (*See* ECF 74, at 2.) Crafted waited until 4:25 p.m. on September 18 to file its motion, giving Solovev sufficient time to make a production. But Solovev did not produce any Instagram purchase communications until more than 3 hours after the motion was filed (and even then, inappropriately redacted and withheld documents). The court finds it fair to reimburse Crafted for some of the attorney's fees Crafted incurred in obtaining these clearly relevant documents from Solovev.

**IT IS THEREFORE ORDERED** that Crafted's motion to compel is granted in part and denied in part, as set forth above. By **October 20, 2026,** Solovev is ordered to produce (or allow access to) the Instagram-originated sales documents discussed herein. By that same date, Solovev is ordered to reimburse Crafted its reasonable attorney fees incurred in bringing the motion ($950) and to file a Notice of Compliance on the docket.

Dated October 6, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge