**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CRAFTED BY JOANNA, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-2268-KHV-ADM |
| v. | ) | |
| | ) | |
| DANIIL SOLOVEV, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER
# and
# REPORT AND RECOMMENDATION

This matter is before the court on Crafted by Joanna, LLC's ("Crafted") Motion to Enforce the Court's Memorandum and Order (ECF 88). (ECF 102.) By way of the motion, Crafted asks the court to order Daniil Solovev ("Solovev"), who is proceeding pro se, to comply with the court's October 7, 2026 discovery order, award Crafted its attorney fees incurred in bringing the motion, and hold Solovev in civil contempt if he continues to ignore the order. For the reasons explained below, the court grants the motion to the extent it orders Solovev to comply with the order and awards Crafted its fees in bringing the motion, and the court recommends that the district judge find Solovev in civil contempt and impose on him a coercive fine until he complies with the order.

## I. BACKGROUND

The parties in this case both sell jewelry through online retailers, including Instagram. Crafted brings claims against Solovev for copyright and trademark infringement related to those sales. (ECF 83, at 16.) On October 7, the court entered an order finding Solovev's Instagram-originated sales records "clearly relevant" to a key issue remaining in the case: the amount of profits Solovev must disgorge under the trademark and copyright claims. (ECF 88, at 5, 10.) The

court thus ordered Solovev to produce (1) an Instagram data export file of 3,991 conversations and 51,952 messages related to his Instagram-originated sales (or to provide Crafted access to his Instagram account) and (2) processing reports and/or transaction records from banks and other financial entities that processed Solovev's Instagram-originated sales. (*Id.*) The court further awarded Crafted its attorney's fees ($950) incurred in drafting its motion to compel the documents. (*Id.* at 10.) The court set October 20 as the deadline for Solovev to comply with the order. (*Id.* at 11.)

On October 18, Solovev filed objections to the order, seeking partial review by the district judge. (ECF 91.) On October 22, presiding U.S. District Judge Kathryn H. Vratil overruled Solovev's objection and upheld the order. (ECF 98.) Judge Vratil then set an evidentiary hearing for November 17 on the issue of Crafted's damages. (ECF 99.)

On October 29, Crafted filed the present motion to enforce the October 7 order and to hold Solovev in civil contempt if he continued to ignore the order. (ECF 102.) Solovev responded to the motion the next day, conceding that he had not complied with the order but arguing against contempt sanctions. (ECF 103.) On November 2, the court ordered Solovev to "produce the two categories of documents ordered" by 11:00 p.m. that same day. (ECF 105.) The court cautioned Solovev that if he did not meet the new deadline, "the court intend[ed] to recommend the district judge impose a coercive fine of $100 on the first day of noncompliance, escalating $100 per day up to $1,000 per day, until Solovev complies." (*Id.*) Solovev again did not produce the documents as ordered.

## II. ORDER ENFORCING DISCOVERY ORDER AND AWARDING FEES

Crafted's motion first asks the court to order Solovev to fully comply with the October 7 order. As noted above, Solovev does not dispute that he has not complied with that order requiring

him to produce documents and to reimburse Crafted its attorney's fees incurred in bringing the motion to compel. Rather, Solovev's response states that he "does not seek to relitigate [the discovery order or order overruling his motion for review] or represent that ECF 88 has been satisfied." (ECF 103, at 1.) The court thus has no trouble finding Solovev has not complied with the court's October 7 discovery order. On November 2, 2026, the court essentially granted Crafted's motion to compel Solovev to comply with the discovery order by ordering Solovev to "produce the two categories of documents ordered" by 11:00 that evening and to file a certificate of compliance of the same. (ECF 105.) Solovev has not filed a certificate of compliance, so it appears Solovev has disobeyed the court's November 2 order as well. To the extent there could be any doubt, the court grants Crafted's motion to enforce the October 7 order and again directs Solovev to comply.

Next, Crafted seeks an award of attorney's fees in the amount of $1,567.50 incurred in bringing the present motion. Under Federal Rule of Civil Procedure 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Solovev's failure to comply with the October 7 order caused Crafted to incur fees as its attorney sought compliance—first informally (via correspondence with Solovev) and then formally (via the present motion to enforce). Solovev has not asserted that his failure to comply with the order was substantially justified or that other circumstances make an award of fees unjust. Thus, Solovev is required to pay Crafted's reasonable expenses incurred in bringing the motion.

Crafted states that it has incurred attorney's fees in the amount of $1,567.50. The fees, charged at a rate of $475 per hour, are based on time Crafted's counsel spent communicating with

Solovev to ask him to comply and drafting the motion (2.5 hours) and drafting and filing the reply to the motion (0.8 hours). The court's experience leads it to conclude that counsel's $475 hourly rate is imminently reasonable for an experienced intellectual property litigator in the local market; indeed, it is well below the market rate. Further, the court finds 3.3 hours to be a reasonable amount of time to spend on the tasks that underlie the present motion. Again, it is probably less time than most lawyers would have spent on these tasks. Thus, it appears that Crafted's counsel is doing what is required—and only what is reasonably required—to secure Solovev's compliance with the order. The court therefore grants Crafted's request for reimbursement of fees incurred in seeking enforcement of the October 7 order. Solovev is ordered to pay Crafted $1,567.50 (which is in addition to the $950 fee previously awarded) **within 14 days** of the issuance of this order.

## III. CERTIFICATION OF FACTS AND RECOMMENDATION THAT SOLOVEV BE HELD IN CIVIL CONTEMPT

Rule 37(b)(2)(A) provides that when a party "fails to obey an order to provide or permit discovery," the court may treat the failure as "contempt of court." Finding that Solovev has not obeyed the October 7 discovery order—not to mention the November 2 follow-up order—the court now certifies the facts set out above and recommends Judge Vratil hold Solovev in civil contempt of court. *See* 28 U.S.C. § 636(e)(6)(B)(iii) (requiring that where an "act constitutes a civil contempt," the magistrate judge must "forthwith certify the facts to a district judge").

"A district court may exercise broad discretion in using its contempt power to assure compliance with its orders." *Rodriguez v. IBP, Inc.,* 243 F.3d 1221, 1231 (10th Cir. 2001). The party moving for a civil contempt finding has the initial burden of proving that (1) a valid court order existed, (2) the non-moving party had knowledge of the order and (3) that party disobeyed the order. *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). "If the moving party

makes such a showing, the burden shifts to the non-moving party to show either that he complied with the order or that he could not do so." *Lucas v. Dadson Mfg. Corp.*, No. 22-2107-KHV, 2025 WL 987025, at *1 (D. Kan. Apr. 2, 2025) (citing *Ford*, 514 F.3d at 1051), aff'd, No. 25-3074, 2025 WL 3641590 (10th Cir. Dec. 16, 2025). "Willfulness is not an element of civil contempt but may assist the Court in determining an appropriate sanction." *Id.* (citing *Taggart v. Lorenzen*, 587 U.S. 554, 561–62 (2019)).

Here, Crafted pointed to the court's October 7 discovery order (ECF 88) as a valid court order. Judge Vratil has since overruled Solovev's objection to that order and reaffirmed that the production ordered therein "is relevant and necessary to verify damages." (ECF 98.) Crafted also presented evidence of Solovev's knowledge of the order and intent to disobey it. Specifically, Crafted submitted a copy of an October 26 email exchange with Solovev, in which Crafted's attorney set out the court's orders and asked Solovev to comply by producing the two sets of documents and fee payment within 24 hours. (ECF 102-1.) Solovev responded by "acknowledge[ing] receipt" of the email and standing by his "previously stated positions regarding the requested production and payment." (*Id.*) On November 2, the court gave Solovev an additional opportunity to comply with the October 7 order and to file a notice of compliance on the docket if he did. Solovev has filed no notice of compliance. Moreover, in responding to the present motion, Solovev did not dispute the existence of the order, his knowledge of the order, or his violation of the order.

The burden was thus on Solovev to demonstrate that he complied with the order or that he could not do so. Solovev has not met this burden—he has not produced the Instagram-sales related documents or paid the $950 sanctions award, nor has he suggested that something prevented him from so doing. Clear and convincing evidence thus supports finding Solovev in contempt of court.

Once the court finds a party in contempt, it may impose a variety of civil contempt sanctions. *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001). Civil contempt sanctions serve two primary purposes: to compel future compliance with court orders (coercive sanctions) and to compensate parties injured by noncompliance (compensatory sanctions). *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994); *Ager v. Janice C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 500 (10th Cir. 1980). Here, Crafted asks the court to impose coercive sanctions to drive Solovev to comply with the October 7 discovery order.

In the court's November 2 order, the court cautioned Solovev that if he continued to disobey the court's October 7 order, "the court intends to recommend the district judge impose a coercive fine of $100 on the first day of noncompliance, escalating $100 per day up to $1,000 per day, until Solovev complies." (ECF 105.) Given Solovev's continued recalcitrance, the court now makes that recommendation.

Where the purpose of the sanction is coercive, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). The harm threatened by Solovev's continued defiance of the order to produce Instagram-sales related documents is significant. The court has previously found that the "full scope of the production is relevant and necessary to verify damages" (ECF 98), which is the predominant issue remaining to be resolved in this case. Without the information, Crafted is unable to support its damage requests. Moreover, Solovev's delay in producing the documents threatens the ability of the damages hearing to go forward on November 17, thus disrupting the court's schedule.

As to the probable effectiveness of the proposed sanction, the court finds that no lesser sanction is likely to spur Solovev into compliance. Indeed, two discovery conferences, the October 7 order, Judge Vratil's order overruling Solovev's objections to the October 7 order, the November 2 order, and a $950 fee award have not led Solovev to produce the documents. In response to the motion, Solovev asserts that a fine of $1,000 per day is not supported by the record, yet Solovev did not use that opportunity to present evidence of his finances to demonstrate a lower amount would be more appropriate. In other words, Solovev argues that the court must consider his finances in setting the amount of the fine, all while failing to present evidence of his finances. What the court knows about Solovev's ability to pay is this: Crafted contends that Solovev has sold at least $220,060.70 of trademark-infringing sales via Etsy, Shopify, and Faire (plus the to-be-determined Instagram component) and has made at least $112,501.80 of copyright-infringing profits. (ECF 83, at 17-18.) Although the court is not determining the legitimacy of these damage claims, Crafted derived these numbers from records that Solovev produced in discovery, and those types of sales numbers suggest that Solovev should have sufficient resources to pay the rather modest fine that the court is recommending. Or he can simply comply with the court's order. Based on the record as it stands, the court recommends the escalating fine as a coercive measure to hopefully secure compliance sooner rather than later.

Accordingly, based on the briefing, record, and proceeding herein, and for the foregoing reasons, the court finds that Solovev violated the court's prior orders and **hereby recommends** the following:

1. Solovev be found in civil contempt of court for failure to comply with the court's October 7 and November 2 orders, as set forth above; and

2. Solovev be held liable for an accumulating daily sanction in the amount of $100 on the first day of noncompliance (November 3) and increasing by $100 each day

thereafter (up to a $1,000-per-day maximum) until he fully complies with the October 7 order.

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), the court informs Solovev that he may file specific written objections to this portion of the order, in which the undersigned is recommending that he be held in civil contempt, within fourteen days after being served with a copy. If he fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that Crafted's Motion to Enforce the Court's October 7 Memorandum and Order (ECF 102) is granted. Solovev is ordered to **immediately** produce (1) the Instagram data export file of 3,991 conversations and 51,952 messages related to his Instagram-originated sales (or to provide Crafted access to his Instagram account) and (2) processing reports and/or transaction records from banks and other financial entities that processed Solovev's Instagram-originated sales, and to **immediately** pay Crafted the $950 in attorney's fees previously awarded for time spent bringing the motion to compel the documents.

**IT IS FURTHER ORDERED** that **within 14 days** of the issuance of this order, Solovev pay Crafted $1,567.50 in attorney's fees incurred by Crafted to bring the present motion.

**IT IS RECOMMENDED** that the district judge (1) find Solovev in civil contempt of court for failure to comply with the court's October 7 and November 2 orders and (2) impose a coercive sanction on Solovev in the amount of $100 on the first day of noncompliance (November 3) and increasing by $100 each day thereafter (up to a $1000 per day maximum) until Solovev fully complies with the October 7 order.

Dated November 5, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge